THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARNOLD BYNUM, Defendant-Appellant.

First District (4th Division)    No. 62027

Opinion filed May 12, 1976.

James R. Streicker and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Richard Michael, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendant, Arnold Bynum, brings this appeal from conviction of armed robbery after trial by the court, the defendant having waived a jury. The defendant was sentenced to four to eight years in the Illinois State Penitentiary.

The issue presented for review is whether defendant was proven guilty beyond a reasonable doubt.

On February 19, 1973, at approximately noon, two men entered Stony's Grocery Store at 1222 Madison Street, Maywood, Illinois. The pair went to the rear of the store. A customer, Sam Thomas, entered the store to shop. The clerk, Linda Gillespie, went through a door to a beauty shop adjacent to the grocery. When she returned, one of the men was standing at the counter holding a gun. He demanded that the clerk empty the cash

register. Mrs. Gillespie turned over about $150 to him. The other man, wearing a trenchcoat and holding a gun, told Sam Thomas not to move and took money from Thomas' pocket and a watch from his arm. The robbers told their victims to lie on the floor and not to move. The victims complied and the robbers fled.

Mrs. Gillespie viewed several books of photographs at a Chicago Police Station and identified the picture of Wesley Bynum as the robber who held the gun on her and took the money from the cash register. She viewed a lineup at the Maywood Police Station and again identified Wesley Bynum as one of the robbers.

On March 2, 1973, a preliminary hearing was held on the charges filed against Wesley Bynum. Upon approaching the bench to testify in that matter, Linda Gillespie saw the defendant, Arnold Bynum, sitting in the courtroom and recognized him as the other man who had robbed her. She reported this to Maywood Police Sergeant Mack Woods. At the same time Sam Thomas independently recognized Arnold Bynum as the man who robbed him and notified Sergeant Stenson. Sergeant Woods then asked Thomas if he recognized anyone in the courtroom and Thomas told him that the defendant, Arnold Bynum, was the other robber. Arnold Bynum was then arrested and charged with armed robbery.

On July 27, 1973, the defendant moved to suppress his identification as stemming from undue suggestion of the police. After a hearing in which Mack Woods, Lucille Hankerson, Linda Gillespie and Sam Thomas testified to the same facts as at trial, the court found there was no undue suggestiveness leading to the identification of Arnold Bynun and denied the motion to suppress.

At the trial the victims testified to the facts as stated above. The defense entered an alibi defense including the testimony of defendant's mother, sister and brother. The defendant testified on his own behalf, denying any involvement in the crime. The court found the defendant guilty as charged. After a hearing in aggravation and mitigation the defendant was sentenced to a term in the penitentiary of four to eight years.

■■ Defendant raises the issue of whether police conduct was so suggestive as to taint the identification of the defendant. This claim is rejected since the courtroom confrontation was not planned nor even known beforehand by the police. The record reveals the defendant was identified simultaneously and independently by two witnesses. Neither of these identifications were instigated by the police. Nonetheless, we need not consider the question of suggestiveness of the confrontation since the confrontation was not conducted by the police. The admission into evidence of this identification was proper.

The defendant further argues his identification as the robber was insufficient to sustain the conviction. Specifically he claims the

identifications by the State's witnesses were vague and the testimony of the defense alibi witnesses was more believable.

When the issue of whether a defendant has been proven guilty beyond a reasonable doubt is properly preserved and raised on review, we will examine the record as to proof of each element of the charge. We will reverse the conviction only when the trial judge found proof of an element was shown beyond a reasonable doubt and when the record reveals such a finding to be contrary to the manifest weight of the evidence.

■■ In the absence of a jury, the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn therefrom are for the trial judge and, upon review, we will not substitute our judgment for his unless it clearly appears there is reasonable doubt of the defendant's guilt. A conviction will not be set aside merely because the evidence is contradictory. See *People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858.

Here, it was the province of the trial court, who was no doubt aware of the interests of the opposing witnesses in the outcome of the trial, to determine the truth of the matter.

Upon a review of the entire record we are convinced the evidence fully supports the judgment of the trial court.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.